LIZZIE DEREMER, ADMINISTRATRIX, &c., v. THE DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY.

1. In a suit against a railroad in consequence of the death of an employe,
   a count which charges that a switch having been misplaced in the
   night-time, and "by reason of the want of proper signals, and a proper
   signal lamp on said switch," the accident and death occurred, &c, is
   good against a demurrer.
2. In such a statement the want of proper signals is made the proximate
   cause of the injury.

On demurrer to declaration.

Argued at February Term, 1892, before BEASLEY, CHIEF
JUSTICE, and JUSTICES DEPUE and VAN SYCKEL.

For the plaintiff, *Francis J. Swayze.*

For the defendant, *Bedle, Muirheid, McGee & Bedle.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. Smith Deremer was a fire-
man in the employ of the railroad company, and he was
killed by accident while assisting in running a train. The
suit is by his administratrix, under the statute for the pecu-
niary damage to his family in consequence of his death.

There are three counts in the declaration, and the counsel
of the defendant conceiving that none of them sufficiently
shows a cause of action, has interposed a general demurrer
to the entire narration. The issue thus raised must conse-
quently be decided in favor of the plaintiff if any single
count be good.

And such it would seem is, conspicuously, the case with
respect to the second of these counts. In this, it is alleged
that the deceased, Smith Deremer, was, on the occasion in
question, employed by the defendant as fireman and was

then engaged in running one of its locomotives, and that it was the duty of defendant to provide sufficient signals and signal lamps, and that it failed so to do, " whereby," in the language of the pleaders, " a certain switch, &c., became and was misplaced in the night-time, after dark, and by reason of the want of proper signals and a proper signal lamp on said switch, the locomotive on which was said Smith Deremer, in the employ, &c., ran off its proper track, and then and there collided with a certain car, &c., by reason of which the said Smith Deremer was then and there so injured that he afterwards died."

The effect of the demurrer is, of course, to admit the truth of this narration; the uncontested facts, therefore, are that it was the duty of the company to provide signal lights at the place of collision, and that the accident and death were the consequences of its failure to discharge that obligation. Why such neglect is not actionable is not attempted to be explained in the brief of counsel of defendant. The argument on this head seems to proceed on the fact of two assumptions, the first of which is that the decedent was an employe of defendant and was to be charged with knowledge on his part of the switch in question and the kind of signal lamp thereon.

But this assumption is not in the least degree allowable, for it may well be that this employe had never before been upon this part of the road. The knowledge, therefore, thus assumed to exist is not to be imputed to him on the principle *quod non apparet non est.* The second assumption in behalf of the defence is expressed in the brief in these terms, viz.: " That the accident resulted from the negligence, either of the engine driver or of the switchtender, both of whom were fellow servants with the deceased."

In support of this proposition and its consequences, many decisions are cited and commented on; but it is manifest they are not apt to the present purpose, for the facts thus assumed in the proposition just stated are in direct opposition to the facts stated in this count and which are admitted by the demurrer. It is expressly averred that the accident was

caused by the neglect of the company to provide proper signal lights, and such an averment necessarily excludes all supposition of other causes. It may be true, and probably is so, that the misplacing of this switch was occasioned by the negligence of a coemploye with the deceased, but such neglect, while it was perhaps an essential antecedent to the accident, was not its proximate cause if we take the narration of this count to be true. According to that narration the death in question was caused, in a legal sense, solely by the neglect of its duty on the part of this company, and consequently an actionable injury is shown. As to this count, therefore, the demurrer will not stand.

The plaintiff must have judgment, with leave to the defendant to plead anew.