ATWOOD LLOYD, PROSECUTOR, v. ISAAC F. RICHMAN.

1. Under the Landlord and Tenant act an affidavit stating that the original lessor "sold and conveyed the said house and lot to deponent, together with the appurtenances, and the rents, issues and profits thereof, by deed of conveyance bearing date the day and year last aforesaid, and recorded February 8th, 1894, in the clerk's office of Burlington county, at Mount Holly, in Book 308 of Deeds, folio 533," is not void as being a mere conclusion of law. It sufficiently avers that the claimant is the "assign" of the lessor.

2. An assignee of a landlord's reversionary interest may file an affidavit to dispossess a tenant under the Landlord and Tenant act.

3. Where a judgment in a civil suit has been rendered by an inferior court of competent jurisdiction, this court will, as against such judgment, intend nothing that is not part of the record.

4. Notes of testimony sent up by a justice of the peace with his return to a writ of *certiorari*, but not in compliance with any rule allowed in the cause, form no part of the record.

On *certiorari*.

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the prosecutor, *Gilbert & Atkinson.*

For the defendant, *Samuel K. Robbins.*

The opinion of the court was delivered by

GARRISON, J. This writ of *certiorari* brings up the judgment rendered by a justice of the peace awarding the possession of a house and lot of land to the claimant in a summary proceeding taken against a tenant under the Landlord and Tenant act. The claimant was not the original landlord, but claims as an "assign" of the lessor. The affidavit that, under these proceedings, gives jurisdiction to the justice of the peace may be made by the assignee of the lessor in his own right. The statute expressly authorizes it. *Rev., p.* 573, § 12; *Watson v. Idler,* 25 Vroom 467.

The first question, therefore, is whether in the present case the affidavit is made by the assignee of the lessor within the meaning of the statute.

The language of the affidavit is that the lessor "sold and conveyed the said house and lot to deponent, together with the appurtenances, and the rents, issues and profits thereof, by deed of conveyance bearing date the day and year last aforesaid, and duly recorded February 8th, 1894, in the clerk's office of Burlington county, at Mount Holly, in Book 308 of Deeds, folio 533." We are asked to reject the plain sense of these averments, upon the ground that they are, in form, conclusions of law. Such a course would, in my opinion, be to require of unskilled suitors in these inferior courts a *finesse* in the use of language as much at variance with the nature of the proceedings as it would be with the character and purposes of these tribunals. No rational cause can be assigned for the rejection of words and terms universally used and correctly understood in common speech, merely because they happen to be also correct in a technical sense. Where an affiant substitutes his conclusion of law for undisclosed facts, his affidavit is rightly rejected; as, for instance, where he states that a certain possession is "as tenant" or by virtue of a "letting." *Fowler* v. *Roe*, 1 *Dutcher* 549; *Sheppard* v. *Sliker*, 2 *Vroom* 432; *Wooley* v. *Lane*, 22 *Id.* 504.

Where, however, a form of words is the common expression for a familiar fact or transaction, as in case of a "sale," an affidavit in such words should not be rejected merely because they have a like meaning in law.

If a man has, in point of fact, sold me a piece of ground, and has given me what is commonly known as a deed of conveyance covering it and its rents, issues and profits, and I have caused his deed to be recorded in the proper public office, on a certain page of a certain book, I know of no way in which the transaction can be better stated than by the employment of the language used in the affidavit before us.

In the case of *Watson* v. *Idler*, 25 *Vroom* 407, an almost identical statement of a similar transaction was brought to

the attention of this court and met with its distinct approval. In that case it was also held that such an averment in the jurisdictional affidavit would, unless a demand for the pro-duction of proofs was made by the defendant, be sufficient to establish before the justice the relation of landlord and tenant between the parties, without regard to the mode of proof that might legally obtain if a trial were had. Assuming, there-fore, that the justice of the peace in the case before us became vested with jurisdiction to hear and determine the issue be-tween the parties, the remaining question is, does the record brought up by the prosecutor's writ show that the judgment against him was the product of legal error? Inasmuch as the defendant appeared and a trial was had, it must, I think, be inferred that the prosecutor required proof of the facts set out in the affidavit.

The case thus to be covered by the proofs was that the relation of landlord and tenant existed between the claimant and the defendant; that some rent was due from the latter to the former at the time the notice was given; that due notice was given and that no distress for rent could be had. How these several points were proved or attempted to be to the satisfaction of the justice, is not shown by the return before us. By that return it appears that witnesses were called by the claimant, and no mention is made of the offer of any deed or other evidence of title. We are not permitted to look at the notes of the testimony appended to the return. The jus-tice was not ruled to send them up, consequently they form no part of the case. *Moore* v. *Hamilton*, 4 *Zab.* 532. We have then a trial at which certain things must be proved to entitle the claimant to have judgment, and we have the ren-dition of a judgment to support which there must have been legal proof of the claimant's right of possession and nothing to show that illegal testimony was offered or received by the justice. The prosecutor contends that there was either no proof on this point or that such as there was was illegal. It may be that one or the other of these contentions would have received support if the justice had been ruled to return what

the proof was on the given point, or whether any proof of a certain kind was offered. This course, however, has not been taken, and we are not at liberty to intend against the judgment anything that is not regularly made part of the record here by the party who seeks to overthrow it. *Demster* v. *Frech*, 22 *Vroom* 501.

The case, therefore, stands simply as one that was within the competency of the justice to determine, provided there was before him legal evidence to support his determination. He has determined it and it is in no way shown that such determination was not upon legal proofs.

Such a condition can result only in the affirmance of the judgment of the justice.