THE STATE, MARTIN L. MUNDY, PROSECUTOR, v. DONALD J. WARNER AND DONALD T. WARNER.

1. By a written agreement the defendants "leased, demised and to farm let" unto the plaintiff a farm in this state for a term of five years from April 1st, 1893. The plaintiff agreed to cultivate the farm according to the rules of good husbandry, that he would not underlet, and that he would give to the defendants one-half of the products of the farm. The dwelling-house in the occupancy of a third person was excepted from the lease. *Held*, that this agreement created the relation of landlord and tenant between the parties to this suit.

2. By a note in writing signed by the plaintiff in October, 1896, and de-

livered to the defendants and accepted by them, the plaintiff agreed to surrender possession of the premises to the defendants on the 1st of April, 1897. This operated as a redemise. Such an agreement to surrender a term to take effect *in futuro* had the effect of terminating the tenancy created by the lease on the 1st day of April, 1897.

3. The affidavit upon which the proceedings before the justice, under the Landlord and Tenant act, were based, set out a copy of the original agreement, and stated that by a note in writing, dated October 9th, 1896, signed by the plaintiff, delivered to the defendants and accepted by them, the plaintiff surrendered the said term to the defendants, said surrender to take effect April 1st, 1897. This was a sufficient statement of facts to show that the term had expired April 1st, 1897, and is not void as being a mere conclusion of law from undisclosed facts.

On *certiorari* in matter of landlord and tenant.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutor, *John W. Beekman.*

For the defendants, *Ephraim Cutter.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ in this case is prosecuted by Mundy to contest the legality of proceedings had against him before a justice of the peace, under the Landlord and Tenant act.

The defendants, who resided in the State of Connecticut, by an agreement in writing, dated March 13th, 1895, "leased, demised and to farm let" unto the said plaintiff a farm in the county of Middlesex, in this state, for the term of five years from the 1st day of April, 1893. Mundy, among other things, agreed that he would cultivate the farm according to the rules of good husbandry, that he would not underlet, and that he would give to the defendants one-half of all the crops raised on said premises. The dwelling-house on said farm, which was in the occupation of one Augustus Warner, was excepted from the lease.

The first reason relied upon by the prosecutor is that the relation of landlord and tenant did not exist between these parties under this lease.

The case of *Edgar* v. *Jewell, Collector,* 5 *Vroom* 259, is cited to support that contention.

In that case one Price cultivated the farm of Edgar, and received for his labor and services as farmer a certain share of the products of the farm. The Supreme Court held that this was an agreement for the services of Price and not a lease for the farm, and that under such a contract the said Price, as in *Guest* v. *Opdyke,* 2 *Vroom* 552, became simply a tenant in common with the other contracting party of the growing crops.

The case of *Doe* v. *Derry,* 9 *Car. & P.* 494, referred to by our Supreme Court in support of these decisions, was an agreement between the owner of lands and "A" that the latter should manage the farm for a stipulated sum per week, and be allowed to reside in the dwelling-house rent free.

The arrangements presented by these cases did not create the relation of landlord and tenant, but they differ widely from the case in hand. Here a definite term is granted, with apt and proper words to create a tenancy, and, so far as concerns this case, it is immaterial whether the tenant returned a money-rent or gave to the landlord one-half of the products of the premises leased. This objection cannot prevail.

By the terms of the lease the tenancy does not expire until April 1st, 1898. These proceedings against the tenant were commenced in May, 1897. The affidavit upon which they are founded is made by the agent of the lessors, and after setting forth a copy of the lease, avers that Mundy entered into possession of said farm under said lease, and that the term thereby granted to him was surrendered by him to said lessors prior to the 1st day of April, 1897, by a note in writing dated on the 9th day of October, 1896, signed by him and delivered by him to the lessors and accepted by them, said surrender to take effect on the 1st day of April, 1897, and that the deponent served notice in writing on the tenant

personally to deliver up possession, a copy of which notice is annexed to said affidavit, and that the tenant refused to surrender possession.

It is insisted that such an agreement to surrender a term to take effect *in futuro* could not have the effect of terminating the tenancy created by the lease.

Mr. Justice Cowen, in *Allen* v. *Jaquish*, 21 *Wend.* 628, after referring to the English authorities on this subject, says " that though no case goes so far as to say that a surrender may be made to become good upon condition precedent, yet there seems to be no objection to that in principle if the interest surrendered be not a freehold. That cannot, in general, be granted so as to take effect *in futuro*, but a term for years can. The surrender of a term to operate *in futuro* is equally free from objection."

Mr. Justice Cowen, I think, correctly adopts the language of *Woodfall on Landlord and Tenant*—that the surrender operates as a redemise. The term was thereby made to end on the 1st day of April, 1897.

The remaining question to be discussed is whether the affidavit in this case was sufficient to give the justice jurisdiction. The defect attributed to the affidavit is that it sets forth the conclusions of the affiant and does not contain sufficient facts to show a surrender in law.

There is no doubt that the affidavit of the claimant must contain a statement of facts which authorize the removal of a tenant. A declaration that the defendant is tenant of the affiant and holds over premises heretofore leased to him, his term having expired, is insufficient, being merely conclusions from undisclosed facts. That was the infirmity in *Fowler* v. *Roe*, 1 *Dutcher* 549, and that case has been recognized as authority hitherto.

In *Brahn* v. *Jersey City Forge Co.*, 9 *Vroom* 74, the affidavit of the president of the company set forth that the company let and rented the premises to Brahn on the 14th day of July, 1874, for the term of twenty-four days from July 13th, at the rent of $250 ; that Brahn entered into possession

under said agreement; that his term had expired and that on the 18th of October, 1874, the company had served upon Brahn notice in writing to surrender possession of the premises, which he refused to do.

The Supreme Court held that the jurisdictional facts were set out in this affidavit as fully as is required by *Fowler* v. *Roe, supra.*

In the case before us the affidavit gives a copy of the lease, showing what the term originally was, and then declares that, by a note in writing dated October 9th, 1896, signed by Mundy and delivered by him to the lessors and accepted by them, he agreed to surrender his term on the 1st of April, 1897. Applying the doctrine of the New York case before cited, that the note in writing operated as a redemise, making the term end April 1st, 1897, the affidavit is sufficiently full under the rule applied in *Brahn* v. *Jersey City Forge Co., supra.*

There the averment was that the landlord let and rented the premises to Brahn for the term of twenty-four days from July 13th, at a rent of $250, and that his term had expired. Here the written lease shows what the term was originally, and the statement in regard to the surrender by note in writing established the fact that the tenancy was at an end. It is not, as in *Fowler* v. *Roe, supra,* and in *Wooley* v. *Lane,* 22 *Vroom* 504, a mere statement of the conclusions of the affiant from undisclosed facts. It shows facts from which the conclusion can be legally drawn.

The recent case of *Lloyd* v. *Richman,* 28 *Vroom* 385, is decisive of the controversy on this question. There the affidavit, under the Landlord and Tenant act, stated that the original lessor "sold and conveyed the house and lot to deponent by deed of conveyance bearing date the day and year last aforesaid and recorded February 8th, 1894." This was pronounced by the judgment in that case to be a sufficient averment that the claimant was the "assign" of the lessor, and not void as being a mere conclusion of law.

The facts upon which the surrender depends in this case

are as fully shown by the statement that a surrender was made by a note in writing, it being competent to make a valid surrender in that way, as the fact that the claimant in *Lloyd* v. *Richman, supra,* was the "assign" of the lessor was set forth by a statement that the lessor sold and conveyed to deponent by a deed. It was no more a mere conclusion of law in the former than it was in the latter case.

. The proceedings certified are affirmed, with costs. .