JOSEPH E. ROBERTS v. EDLA McPHERSON.

Submitted March 28, 1898—Decided June 13, 1898.

1. A conveyance of leased premises without reservation carries with it (by force of " *Conveyances,*" § 135) the grantor's right, under the lease, to terminate the tenancy.

2. The heir of the grantee of the reversion of lands let to lease may terminate the tenancy in accordance with the lease and initiate summary proceedings to dispossess the tenant.

3. If the tenant, instead of requiring proof of facts that authorize his removal, arrest the proceeding by the service of a writ of *certiorari,* he thereby admits the truth of the allegations made in the affidavit returned with the writ.

On *certiorari* in matter of landlord and tenant.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *Herbert A. Drake.*

For the defendant, *Howard M. Cooper.*

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* brings up an affidavit filed in the Camden City District Court in landlord and tenant proceedings.   The only question that can be considered is the sufficiency of this affidavit.   The capacity of the court below to entertain proof of the title to land is not here. The prosecutor did not require proof to be made of the facts that authorized his removal.   *Gen. Stat.,* p. 1239, § 128.

Where the tenant, instead of requiring proof of the facts that authorize his removal, arrests the proceeding against him by the service of a writ of *certiorari,* he thereby admits the truth of the facts alleged in the affidavit on file.

Whether these facts were susceptible of proof that was within the capacity of the special tribunal had not become and is not now a pertinent inquiry.   The service of the writ has the effect of a demurrer.   *Watson* v. *Idler,* 25 *Vroom* 467.

The case as presented is that, in 1893, John R. McPherson put the prosecutor in possession for the term of one year, under a written lease that provided that the party of the first part might terminate the tenancy at the end of any month by giving a month's notice in writing to the party of the second part.

John R. McPherson conveyed the leased premises, with the reversion and all of his rights under the said lease, to Gregory McPherson, who died intestate, leaving as his sole heir, Edla McPherson, who, on the 13th of November, 1897, gave notice to the prosecutor, who was still in possession, that she terminated his tenancy on the 1st day of January next following.

Upon these facts the question is whether Edla McPherson, as the sole heir of the grantee of the reversion of the leased lands, might terminate the tenancy in the manner provided in the lease and institute proceedings to recover the possession in her own right.

That the assignee of the landlord's reversionary interest may institute these proceedings had been decided by this court. *Watson* v. *Idler, supra; Lloyd* v. *Richman,* 28 *Vroom* 385.

In each of these cases the *status* of the affiant was that of assignee of the lease as well as that of the grantee of the reversion by means of a conveyance of the leased land. In the present case the claimant stands wholly upon the estate cast upon her by the death of the grantee of the reversion.

At common law this privity of estate carried with it no right to the lease; with respect to its covenants the assignee of the reversion was a stranger. To obviate the embarrassments arising from the non-transfer of the privity of contract, the statute 32 *Hen. VIII.,* c. 34, was passed, which has been enacted in this state and stands as section 135 of "An act respecting conveyances." *Gen. Stat., p.* 880.

This act expressly gives to heirs of grantees of lands let to lease the same enjoyment of the convenants current in outstanding leaseholds that the lessors thereof might have had.

By force of this statute a conveyance of leased premises without reservation carries with it the right to terminate the tenancy if such right was, by the lease, reserved generally by the lessor.

The result is that Edla McPherson, as the heir of the grantee of the reversion, was entitled to exercise the right reserved by the original lessor and to terminate the tenancy in the manner provided in the lease.

Having done this, she might, under our Landlord and Tenant act, initiate in her own right the proceeding brought up by this writ, which is all that is now before us.

This *certiorari* is dismissed, with costs.