THE STATE, NATHANIEL M. HANKINS, PROSECUTOR, v. JOHN A. MAUL ET AL.

Submitted December 5, 1898—Decided February 27, 1899.

If the tenant in a proceeding for removal under the Landlord and Tenant act appears, but does not demand proof of the jurisdictional facts, there is a failure to show cause why he should not be removed, and under the statute said facts were, *prima facie,* established by the affidavit on file.

On *certiorari.*

Before Justices LUDLOW and COLLINS.

For the prosecutor, *Louis H. Miller.*

The opinion of the court was delivered by

LUDLOW, J. This *certiorari* is brought to set aside proceedings under the Landlord and Tenant act (*Gen. Stat., p.* 1914), instituted by Maul, as landlord, against Hankins, his tenant, for removal of said tenant because of his failure to pay rent due. These proceedings were had before a justice of the peace of Cumberland county, where the demised premises were situate. The return to the writ shows the affidavit of Maul, which clearly and fully states with accuracy all the jurisdictional facts necessary under said act to be satisfacto-

rily proved, in order to authorize the justice of the peace to issue the summons to show cause as directed in said act.

The record of the proceedings of the justice in the case brought here with the *certiorari* shows the legal issue of said summons, its legal service, the appearance of the defendant tenant and the claimant landlord before said justice on the return day of the summons, with counsel respectively. The tenant defendant, by his counsel or otherwise, made no objection and raised no question as to the sufficiency of the proof of the jurisdictional facts as set forth in the affidavit on file, upon which these proceedings had been instituted, nor did the defendant require the claimant to prove any of the said jurisdictional facts in the case—the plaintiff landlord was sworn—the tenant defendant offered no testimony. The case, therefore, stood as proved, *prima facie*, by the affidavits on file, on which the summons had been issued. The defendant tenant, without demanding proof of any jurisdictional facts, then moved to nonsuit on the ground that there was no proof that the said rent could not be made by distress of any goods, and further, that there is no proof before the court that the landlord served on the defendant a notice requiring him to pay the rent in arrears or surrender the property. These were jurisdictional facts and were, *prima facie*, established by the affidavit on file, and as the defendant tenant did not require proof of them, the justice properly overruled said motion and decided for plaintiff landlord, directing warrant, &c. *Gen. Stat., p.* 1919, § 16. The defendant tenant made no attempt to show cause as required in the summons. *Watson* v. *Idler*, 25 *Vroom* 467, and *Roberts* v. *McPherson*, 33 *Vroom* 165, are in point and sustain the action of the justice.

The objection which was made as to the words "Small Cause Court," endorsed on the summons, was as to an immaterial and merely formal matter and of no consequence. *Bayles* v. *Newton*, 21 *Vroom* 549.

The *certiorari* is dismissed, with costs.