AARON L. GRAY, PROSECUTOR, v. ICI C. G. REYNOLDS.

Submitted July 2, 1901—Decided November 11, 1901.

1. An agreement between the owner of lands and another that the latter shall farm the lands on half shares, paying for the labor required to cultivate, gather and market the crops, does not create the relationship of landlord and tenant between the parties thereto.
2. In a proceeding brought under the eleventh section of the Landlord and Tenant act to recover possession of lands and premises, the facts out of which the relation of landlord and tenant is claimed to arise must be set forth in the affidavit; it is not enough that the affiant swears that the person in possession is her tenant, or that the premises were let and rented to him.

On *certiorari.*

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *Charles T. Cowenhoven.*

For the defendant, *Frederick A. Pope.*

The opinion of the court was delivered by

GUMMERE, J. The proceedings brought up by this writ were had before a justice of the peace for the purpose of removing the prosecutor from certain premises occupied by him, which were owned by the defendant. The proceedings purport to be had under the eleventh section of the Landlord and Tenant act, and the only question, therefore, which can be considered is whether the justice had jurisdiction in the matter, for, by virtue of the provision of section 18 of the act, "proceedings had *by virtue of* the eleventh section of the act shall not be appealed from or removed by *certiorari.*"

The primary fact which must exist in order to give the justice jurisdiction is that the relation of the parties to the proceeding is that of landlord and tenant, for it is only where that relationship exists that the act has any application, and

this fact must appear affirmatively in the affidavit which the statute requires to be filed with the justice as a preliminary step in the proceeding. *Fowler* v. *Roe,* 1 *Dutcher* 549.

The affidavit in the present proceeding sets out that the prosecutor is in possession of the premises whereof a recovery is sought "upon an agreement made and entered into between one Ethel Covas (who subsequently conveyed them to Mrs. Reynolds, the defendant), and Gray, bearing date April 1st, 1899, whereby Ethel Covas let and rented the said farm and premises, together with the buildings thereon, unto said Gray for a period of one year; that the terms upon which said agreement was based were that the said Gray was to farm said premises on shares, a copy of which agreement is hereto annexed and made a part hereof." The agreement is in the following words:

"First of April, 1899.

"AGREEMENT

"Between Mrs. E. Covas of the first part and Aaron Grey of the second part.

"*Witnesseth:* That the party of the second part shall farm on half shares the property known as Scio farm, situated on the Bound Brook Turnpike, two and one-half miles from the city of New Brunswick, Somerset Co., New Jersey, free of rent;

"That he shall employ and pay all necessary and sufficient labor to properly cultivate, gather and market all the crops and produce, the proceeds to be equally divided.

"2d. The expenses of seeds will be equally divided, also in grass seeds, allowing the farmer the cut of hay the first year.

"3d. Mr. Aaron Grey will weed very early in the spring the strawberry bed, gather and sell the fruit, proceeds equally divided after each sale in this as well as any other produce.

"4th. The cornstalks and oat straw to be used on the place.

"5th. All the hay to be sold, either to be divided in the fields or money divided when sold.

"6th. Mr. Grey will raise three calves every year, serving two quarts of milk daily to Mrs. Covas, having the balance of the milk to himself until the herd is complete in number.

"7th. Fruits of the garden to be sold and the money equally divided after each sale.

"8th. Garden to have potatoes for the use of the two parties, Grey and Covas.

"9th. Also some sweet potatoes raised.

"10th. Hill fronting turnpike road for oat field.

"11th. The field next to the hill is rented to Frank Boderisco and he must be allowed to attend to it.

"12th. Small meadow next to Ed. Smalley to have the fence put up if needed to serve as pasture for Mr. Grey's horses and Mrs. Covas' cows.

"AARON L. GREY,

"Witness—C. COVAS.      E. COVAS."

It is apparent from a reading of it that this agreement does not constitute a lease. It is a contract for the farming of the lands and a division of the proceeds, and nothing more. That such an agreement does not constitute the relationship of landlord and tenant between the parties has been frequently decided by this court. *Guest* v. *Opdyke,* 2 *Vroom* 552; *Edgar* v. *Jewell,* 5 *Id.* 259; *McQuade* v. *Emmons,* 9 *Id.* 397; *McLaughlin* v. *Kennedy,* 20 *Id.* 519.

Assuming that, under this agreement, Gray is, by implicacation, entitled to the use of the buildings thereon during the period covered by it, his occupation of it is a mere remuneration in part for his services, and does not create him a tenant. *Edgar* v. *Jewell,* 5 *Vroom* 260, and cases cited.

The affidavit, after referring to the written agreement in the manner above set forth, goes on to state that "the period for which said premises were let and rented to said Gray, as subsequently agreed upon and understood between said Ethel Covas and said Gray, expired on the first day of April, 1900." This statement in the affidavit does not save the case by showing the existence of a lease. It assumes that the agreement before referred to (or perhaps some other agreement which is not before us) created the relationship of landlord and tenant between the parties. That the agreement annexed to

the affidavit does not have that effect has already been shown; whether any other agreement between the parties (if there was one) was, in its legal effect, a lease, depends upon the contents of that instrument. It is not enough that the affiant swears that the party in possession is her tenant, or that the premises were let and rented to him. This is a mere conclusion of law based upon facts which are not disclosed. *Fowler* v. *Roe*, 1 *Dutcher* 549; *Shepherd* v. *Sliker*, 2 *Vroom* 432; *Wooley* v. *Lane*, 22 *Id.* 504.

Upon the hearing of this matter before the justice no proof was offered by the owner of the premises in support of her contention that the prosecutor was in the occupation of the premises belonging to her as her tenant, she having elected to rest her case upon the facts set out in the jurisdictional affidavit, following the rule laid down in *Watson* v. *Idler*, 25 *Vroom* 407, and *Lloyd* v. *Richman*, 28 *Id.* 385. She therefore failed to establish the existence of the relation of landlord and tenant between herself and the prosecutor, either by her preliminary affidavit or upon the hearing. It results that the case as presented was not within the jurisdiction of the justice under the Landlord and Tenant act, and the judgment, therefore, must be reversed.