ANNIE BINDER AND SAMUEL BINDER v. SAVERIO AZZARO, PROSECUTOR.

Submitted December 6, 1906—Decided February 25, 1907.

1. In proceedings under the Landlord and Tenant act (*Pamph. L.* 1903, *p.* 27, § 2), the required affidavit must set forth facts sufficient to establish the existence of the relation of landlord and tenant between the parties.
2. Where the affidavit of the plaintiff shows that the tenant is in possession under an agreement with a former owner, who has since conveyed to the plaintiff the reversion thereof, with all his interest therein, it sufficiently shows the existence of the relation of landlord and tenant to sustain the proceedings.
3. But where the affidavit merely sets forth that the plaintiff is the owner of the premises, and that the defendant is in possession as tenant under an agreement with such former owner, without showing in any way how such ownership was transferred, if at all, it is not sufficient to show the existence of such relation.

---

On *certiorari*.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the prosecutor, *William R. Wilson.*

For the defendants, *John K. English.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ brings up for review proceedings under the Landlord and Tenant act before the District Court of the city of Elizabeth, whereby a removal was sought of the defendant as a tenant of certain premises situate on Third avenue in said city. There was a trial by jury and the verdict and judgment were for the plaintiff below, and against the defendant prosecutor. The validity of the proceedings and judgment are challenged on the ground that the affidavit of plaintiffs was insufficient to give the court jurisdiction. The particular defect alleged is that it does not set forth facts sufficient to establish the existence of the relation of landlord and tenant between the parties. This is essential in order to give the court jurisdiction. *Fowler* v. *Roe, 2 Dutcher* 549. The affidavit sets forth that the plaintiffs were the owners of the premises and that the defendant is now in possession of the premises by virtue of an agreement between him and one Charles Weiss, the former owner, whereby Weiss let and rented the premises to the defendant from month to month, &c., but it fails to show or allege any conveyance of the premises by Weiss to the plaintiffs or to indicate how the plaintiffs became the owners, nor does it show any attornment by the tenant to the plaintiffs. It is manifest, therefore, that the plaintiffs did not institute the proceedings as lessors of the defendant. The contention of the plaintiffs is that they made the oath as assigns of Weiss, the lessor. That would be sufficient under the statute. *Pamph. L.* 1903, *p.* 27, § 2. But does the affidavit show that? If the affidavit disclosed that Weiss had, after his letting to the prosecutor, sold and conveyed the premises to the claimants, that would doubtless have been sufficient to enable the plaintiffs to make the oath as such assigns. *Pamph. L.* 1898, *p.* 670, § 1; *Watson* v. *Idler,* 25 *Vroom* 467; *Lloyd* v. *Rich-*

*man,* 28 *Id.* 385; *Roberts* v. *McPherson,* 33 *Id.* 165. But such a transaction does not appear by the affidavit. The allegations that the plaintiffs are the owners and that the defendant in possession is tenant under an agreement with Weiss, the former owner, are not sufficient to show that the plaintiffs were assigns of the lessor, and thereby qualified to make such affidavit.

It is contended for the plaintiffs that this allegation is sufficient, but no authority has been cited to support such a view; and, further, it is contended that the defects pointed out in the affidavit relate only to the proof at the trial. But upon the authorities already cited the proofs at the trial cannot supply the want of jurisdictional facts in the affidavit. It is plain, we think, that for the reasons stated the court below proceeded without jurisdiction, and the judgment will be set aside, with costs.