EDWARD ARNHEITER, PROSECUTOR, v. RICHARD H. Mc-AGHON ET AL., RESPONDENTS.

Argued April 30, 1921—Decided July 8, 1921.

1. Under section 107 of the District Court act (*Comp. Stat., p.* 1988) service of process to dispossess a tenant must be personal, as in other cases, if such service can be made, and where substituted service is made, the return of the officer must show the fact and the reason for its adoption.
2. Where service of process in a proceeding in a District Court to dispossess a tenant was served upon a person who was not legally in possession of the premises, the court acquired no jurisdiction to dispossess the tenant.

On *certiorari* removing the proceedings of dispossession in the Second District Court of Jersey City.

For the prosecutor, *John Warren.*

For the respondents, *Charles E. S. Simpson.*

Before Mr. Justice MINTURN, pursuant to the statute, by whom the following opinion was rendered:

The stipulation of facts in the case presents a situation wherein the Brom Realty Company let and rented premises, 648 Newark avenue, in Jersey City, to the prosecutor, who thereafter and while in possession entered into an agreement with one Engel for the assignment of the lease for $1,000, which sum Arnheiter offered to pay to the Brom company for its consent to the assignment. The landlord at first accepted the proposition, but later declined it, seeking an additional sum. Meanwhile Engel, on the strength of the acceptance, entered into possession, having purchased the prosecutor's business conducted therein. The Brom company thereafter instituted proceedings in the District Court against both Arnheiter and Engel to recover possession, and the latter

thereupon filed a bill in Chancery to restrain the landlord upon an alleged equity resulting in their favor, owing to the landlord's alleged acceptance of the offer of payment for the assignment. Nothing eventuated from that. Meanwhile Arnheiter paid no rent, and he was sued in a New York court for the rent due and a judgment for the amount was entered against him. This amount he tendered to the landlord, with costs and interest and accrued rent up to April, 1921, with the costs of the case in the District Court, with interest, and this tender was refused. The tenant, Arnheiter, then took out this writ to test the legality of the dispossession proceedings in the District Court.

While Engel was in possession under the transfer from Arnheiter he went into bankruptcy, and at the time of the institution of the dispossess proceedings a receiver in bankruptcy was legally in possession of his effects, including whatever rights of possession he had in the premises under the Arnheiter transfer.

The case shows that the landlord never recognized any existing legal relationship, contractual or otherwise, with Engel. Arnheiter alone was considered the only person to whom any legal right or duty was owing under the relationship of landlord and tenant existing between them. Engel, therefore, may be eliminated from consideration, and the inquiry thus presented is whether Arnheiter was legally dispossessed from his possession of the premises.

The summons in dispossession proceedings was served upon Engel, who was physically in possession of the premises, although not legally so because of the bankruptcy adjudication made the same morning. Arnheiter was elsewhere in the county and could have been personally served with process at his residence therein. He knew nothing of the proceedings or the judgment in dispossession until after judgment had been entered against him. The question presented therefore is, Was the service of summons upon Engel equivalent under the statute to a service upon Arnheiter? The proceedings to dispossess are, of course, entirely statutory and must be strictly followed to warrant a judgment of dispossession. The Dis-

trict Court act (section 107) and the Landlord and Tenant act (*Pamph. L.* 1915, *p.* 96) provide the method of service which must be personal as in other cases if such service can be made. A substituted method of service is provided where for any reason specified in the statute personal service cannot be made. Where the substituted service is made the return of the officer must show the fact and the reason for its adoption as a constructive method of bringing defendant into court. The return in the case shows a service upon "Engel, the person in possession." The return shows that Engel was not the person in possession, since the receiver occupied that status, and Engel occupied the status of a stranger, both to the landlord and the officer. Constructive service of this character must be based upon the inability of the officer to make personal service, and that fact must be shown in his return or by affidavit, in order to present a factual basis for the District Court to acquire jurisdiction and to enter a valid judgment. The cases are unanimous upon this requirement. *Scheifele* v. *Irving,* 53 *N. J. L.* 180; *Schuyler* v. *Trefren,* 26 *Id.* 213.

If this were an ordinary perfunctory slip in the proceedings the defendant's suggestion of remanding the case to the District Court for emendation would be applicable, but a failure in the first instance to acquire jurisdiction presents no basis for amendment. *Ross* v. *Ward,* 16 *N. J. L.* 23.

The result is the judgment under review must be vacated.