## First District Court of Jersey City.

HELEN F. CRAVEN, EXECUTRIX, ETC., AND MORTGAGEE IN POSSESSION, PLAINTIFF, v. BASIL COPLIKA ET AL., DEFENDANTS.

Decided March 19, 1934.

For the plaintiff, *John D. Craven.*

For the defendants, *Hershenstein, O'Brien & Tartalsky.*

EGGERS, J.   This is an action in dispossession brought by the mortgagee in possession for the premises located at 280 Monmouth street in the city of Jersey City, New Jersey. Plaintiff relies on sections 107, 108 of the District Court act (2 *Comp. Stat., p.* 1988) and sections 18A and 18B of the Landlord and Tenant act (3 *Comp. Stat., pp.* 3070, 3071) for her right to maintain this action.   Although not specifically stated but argued in plaintiff's brief, section 26 of the Landlord and Tenant act, *supra,* is also relied upon. Section 26 reads as follows:

"Nothing herein contained shall extend to vacate or affect any attornment made pursuant to, or in consequence of, some judgment of law, or decree or order of a court of equity, or made with the privity and consent of the landlord or landlords-lessor or lessors, *or to any mortgagee after the mortgage has become forfeited."*

A motion to strike out the summons in dispossession on the ground of lack of jurisdiction is before the court for determination.

The facts in the case follow:

On or about January 29th, 1934, the plaintiff commenced an action in the Court of Chancery of New Jersey for the foreclosure of the mortgage on the premises in question and the said action is now pending and undetermined. It appears that plaintiff has not applied for a receiver of rents. On January 22d, 1934, the plaintiff caused to be served upon the tenants the following notice:

"To the tenants of No. 280 Monmouth Street, Jersey City, N. J.:

Take notice, that Helen F. Craven, as executrix under the last will and testament of Michael Craven, deceased, has taken possession of the premises known as No. 280 Monmouth Street, Jersey City, New Jersey, as mortgagee, and as mortgagee in possession, is entitled to receive the rents of the premises in which you are a tenant. That she has designated John Craven & Son Company, of No. 225 Montgomery Street, Jersey City, New Jersey, as her agent, to operate, manage and maintain the said premises as her agent, to rent the premises and collect the rents, and any matters pertaining to the rent in your possession of the said premises, should be taken up with them.

HELEN F. CRAVEN,

Dated January 22d, 1934.                As executrix, &c."

The tenants refused and failed to pay the rent to plaintiff, whereupon these suits were commenced on February 20th, 1934.

The primary question before the court is this:

"Does the affidavit contain averments sufficient to create the existence of the relation of landlord and tenant."

The right of the court to take jurisdiction must depend on the facts alleged:

"Where the facts stated in the affidavit do not show the existence of the relation of landlord and tenant, the court

does not acquire jurisdiction, though such relation is stated in the affidavit as a conclusion of law." *Gray* v. *Reynolds,* 67 *N. J. L.* 169; 50 *Atl. Rep.* 670.

And if it appears that such facts do not create the existence of the relations demanded by the statute, then the action must fail for lack of jurisdiction. There is no other alternative open to the court.

"Proceedings to dispossess the tenant are entirely statutory and the statute must be strictly followed to warrant a judgment of dispossession." *Arnheiter* v. *McAghon,* 96 *N. J. L.* 70; 114 *Atl. Rep.* 752.

The affidavits in the matter *sub judice* are substantially as follows:

"First District Court of Jersey City.

State of New Jersey, County of Hudson, City of Jersey City, ss:

Helen F. Craven, executrix under the last will and testament of Michael Craven, deceased, mortgagee in possession, plaintiff, v. Basil Coplika, defendant.

In dispossession.

Mildred Tyler, being duly sworn, says that she is the secretary to John Craven & Son Co., the duly authorized agent, to rent, collect rent, and dispossess tenants, of into and for premises of the above named plaintiff, landlord, that the above named defendant is now in occupancy and the possession of part of a certain house and premises of the above named plaintiff, situate in the City of Jersey City, in said County and State, and known and designated as second floor north, No. 280 Monmouth St., in said Jersey City, under an agreement made by and between the above named plaintiff and the above named defendant, Tenant in possession when we took charge on or about 22d day of January, A. D. 1934, whereby the above named plaintiff, let and rented said premises to the above named defendant for the term of one month and thence from month to month thereafter, from the 22d day of January, A. D. 1934, at the monthly rent of $23 dollars, payable monthly in advance, that the said defendant thereupon entered into possession of said premises as tenant

thereof, by virtue of the said agreement, and is now indebted to the above named plaintiff in the sum of $46 dollars, $23 to Feb. 1, 1934; $23 to Mar. 1, 1934, for rent of the said premises, due on the 1st day of February, A. D. 1934.

And deponent further says, that the said defendant has not paid the rent or delivered up the possession of the said premises; but that he has made default in payment of the said rent, and holds over and continues in possession of the said premises, without permission of the above named plaintiff.

MILDRED TYLER.

Sworn and subscribed this 19th day of February, A. D. 1934, before me at Jersey City.

WILLIAM BROWN,
*Notary Public of New Jersey."*

A perusal of the affidavit, *supra,* and the others are identical, discloses that:

"Helen F. Craven is the executrix under the last will and testament of Michael Craven, deceased, mortgagee in possession; that Mildred Tyler is the secretary to John Craven & Son Co., who are the duly authorized agents, to rent, collect rent, and dispossess tenants, of unto and for the premises of the above named plaintiff landlord."

*Ergo;* if the status of the plaintiff mortgagee in the instant case is that of a landlord, then she is entitled to maintain this action, and the jurisdiction of the court is established. The court perceives no such relationship in the instant case.

In the case of *Hinck* v. *Cohn,* 86 *N. J. L.* 617; 92 *Atl. Rep.* 378, in an opinion rendered by Mr. Justice Trenchard for the Court of Errors and Appeals, it was held that:

"After there has been a default, the mortgagee is entitled to possession, and has a right to collect rents after he has been put into constructive possession *by the attornment of the tenant."* Citing *Mershon* v. *Castree,* 57 *N. J. L.* 484; 31 *Atl. Rep.* 662; *Shields* v. *Lozear,* 34 *N. J. L.* 496; *Sanderson* v. *Price,* 21 *Id.* 637.

In *Stanton* v. *Metropolitan Lumber Co.*, 107 *N. J. Eq.* 345; 152 *Atl. Rep.* 653, the court held that the mortgage without more, does not carry rents.

"A mortgagee is not entitled to rents of the mortgaged premises accruing after default unless and until he takes possession personally or by a receiver duly appointed by the court. Citing *C. F. Bermes* v. *Kelly*, 108 *N. J. Eq.* 289; 154 *Atl. Rep.* 860; *Paramount Building and Loan* v. *Sacks*, 107 *N. J. Eq.* 328; 152 *Atl. Rep.* 457; *Stewart* v. *Fairchild Baldwin Co.*, 90 *N. J. Eq.* 139; 106 *Atl. Rep.* 406.

"And it is also true that a mortgagor in default, forfeits, not automatically, but by appropriate action on the part of the mortgagee, his right of possession and his right to the collection of rents." See, also, 20 *Am. & Eng. Encycl. L.* 1035.

Counsel for plaintiff maintains that in the present case the motion to dismiss is equivalent to a motion to strike out, and the facts alleged in the affidavit must be construed as being true. Granting that is so, the court discerns nothing therein tending to create the existence of landlord and tenant. The facts alleged are merely conclusions of law. Facts necessary to create such an existence must be alleged in the affidavit. The only way in which such a relationship could be created in the present case is *by the attornment* of the tenant to the mortgagee, and no such allegations are contained in the affidavit before the court. The court cannot consider facts which do not appear in the affidavit. An attornment by the tenant to the mortgagee is a condition precedent to the mortgagee's right to the rent. This is naturally so since on the tenant's failure to attorn the mortgagee has a right of ejectment.

"A mortgagee after default, may eject a mortgagor or those who hold under him." Cf. cases collected in 7 *N. J. Dig.* 661, 669, 3213.

The plaintiff's right here must of necessity be predicated only upon those rights which she derives from the statute.

"If the tenants under such a lease (subsequent to the mortgage) attorn to the mortgagee after a breach of the con-

dition which gives him a right of entry, they thereby become his tenants and debar the mortgagor from recovering thereunder." *Del New Co.* v. *James,* 111 *N. J. L.* 157; 167 *Atl. Rep.* 747; citing *Kimball* v. *Lockwood,* 6 *R. I.* 138.

In the case of *Jones* v. *Clarke and Stewart,* 20 *Johns. (N. Y.)* 5, Chief Justice Spencer said, referring to the tenant's right to attorn, and those he may attorn to: "He may attorn to a mortgagee after the mortgage is forfeited."

For these reasons the court must conclude that the right of a mortgagee to collect rents accrues only after the tenant has attorned to him and thus created the statutory requirement of landlord and tenant. No such attornment appearing in the affidavits filed by the plaintiff, the existence of the relation of landlord and tenant has not come into being. That being so and for the reasons stated in *Arnheiter* v. *McAghon, surpra,* the court is without jurisdiction in the matter.

The defendant's motion is granted and the summonses in disposession are hereby dismissed.