(5 Misc. Rep. 298.)

### AMERICAN SURETY CO. v. McDERMOTT.

(Common Pleas of New York City and County, Trial Term.   October, 1893.)

PAROL EVIDENCE—PERSONAL OR REPRESENTATIVE OBLIGATION.

> Where a receiver executes a bond by which he binds himself personally to indemnify his surety on an undertaking for costs in an action brought by him as receiver, he cannot show by parol evidence that the indemnifying bond was a representative, and not a personal, obligation.

Action by the American Surety Company against George A. McDermott on a bond.   Judgment for plaintiff.

John J. Crawford, for plaintiff.

John Frankenheimer, for defendant.

PRYOR, J.   In an action by this defendant, as receiver of the National Ammonia Company, against John Harrison and others.

the plaintiff herein bound itself for costs incurred by this defendant in that action. To indemnify the plaintiff herein against such costs, the defendant herein executed the paper in controversy. The instrument purports to be between "George A. McDermott, Receiver," of the first part, and the American Surety Company, of the second part; and the defendant covenants for "himself, his heirs, administrators, successor, and assigns," that he, "George A. McDermott," will pay the premium upon plaintiff's engagement for costs, and that he, "George A. McDermott," will indemnify the plaintiff against such costs. The paper concludes: "In witness whereof, said party of the first part has hereto set his hand and affixed his seal;" and is signed "George A. McDermott, Receiver." It is not open to question but that, by the terms of the instrument, the defendant bound himself in his individual capacity. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. Rep. 452; Willis v. Sharp, 115 N. Y. 591, 21 N. E. Rep. 705; Ryan v. Rand, 20 Abb. N. C. 313; De Witt v. Walton, 9 N. Y. 571; Pumpelly v. Phelps, 40 N. Y. 59, 67. Nothing to the contrary can be deduced from the decision in Whitford v. Laidler, 94 N. Y. 145, for there the agent expressly assumed to contract for his principal, and employed no language susceptible of construction as a personal promise or engagement. Whether the oral evidence, admitted provisionally, be competent and effectual to transform the personal liability apparent on the face of the instrument into a representative obligation as receiver, is a more interesting and difficult problem. That the defendant, as receiver, had no power to bind the interest of which he was representative, (Schmittler v. Simon, 101 N. Y. 557, 5 N. E. Rep. 452,) is an important circumstance in the solution of the question; for it is not to be assumed that either party would enter into a nugatory engagement; still less that the plaintiff, demanding indemnity against its risk, would be content with a paper which afforded no indemnity whatsoever. For support of his contention defendant relies upon Schmittler v. Simon, 114 N. Y. 176, 21 N. E. Rep. 162. But in that case the adjudication was that, where the words of an instrument "are not entirely intelligible, oral evidence of the circumstances attending its execution may be admissible to aid the interpretation," page 188, 114 N. Y., and page 165, 21 N. E. Rep. In the instrument before me I detect no obscurity or ambiguity. The word "successor" is an apt and appropriate term to designate one to whom property descends, (6 Lawson, Rights, Rem. & Pr. § 3108; 2 Bouv. Law Dict. 681; Whart. Law Lexicon, 634; And. Law Dict. 986;) and in association with the words "heirs," "administrators," and "assigns" plainly imports a devolution of charge upon the obligor's estate. At all events, by the most precise and explicit language the defendant binds himself to the performance of his covenant. "Evidence to explain an ambiguity * * * is received where doubt arises upon the face of the instrument as to its meaning, not to enable the court to hear what the parties said, but to enable it to understand what they wrote, as they understood it at the time. Such evidence is explanatory, and must be consistent with the terms

of the contract." Thomas v. Scutt, 127 N. Y. 133, 141, 27 N. E. Rep. 961. "The court did not err in excluding oral evidence of the understanding of the parties at the time the defendants executed their indemnity agreement. There was * * * no ambiguity therein, which, within the rule, would justify oral evidence as to the understanding of the parties. The court was bound to seek for that information in the agreement executed by the defendants, which must be assumed to embody it." Surety Co. v. Thurber, 121 N. Y. 655, 659, 23 N. E. Rep. 1129. In Schmittler v. Simon, 114 N. Y. 176, 21 N. E. Rep. 162, the court explicitly reaffirms the cardinal rule that "when an agreement is reduced to writing no oral evidence is admissible to vary, qualify, explain, or contradict its terms," and vindicates a deviation from the rule in the litigation before it upon the express ground of an ambiguity apparent on the face of the paper. The incompetency of parol evidence to modify the meaning of a written contract is all the more obvious and incontestible in case of an instrument under seal. Briggs v. Partridge, 64 N. Y. 357; Kiersted v. Railroad Co., 69 N. Y. 343; Schaeffer v. Henkel, 75 N. Y. 378. Judgment for plaintiff.