<hr/>

### In re LINDY-FRIEDMAN CLOTHING CO., Inc.

#### COXE v. TYSON et al.

(Circuit Court of Appeals, Fifth Circuit. December 12, 1922.)

No. 3905.

1. **Landlord and tenant** ☜101½—**Assignment of lease held subject to option to terminate for bankruptcy.**

   Where a lease to two individuals gave the lessors the option to terminate the lease and re-enter the premises in the event of the bankruptcy of lessees, and contained a clause against assigning the lease without consent of the lessors, but gave such consent to an assignment to a corporation to be formed by the lessees, on condition the corporation would assume all the obligations of the lease, any assignment to the corporation under which its trustee in bankruptcy could claim the lease would be subject to the option to terminate the lease in the event of bankruptcy, so that the trustee cannot retain the lease after that option was exercised by the lessors.

2. **Landlord and tenant** ☜94(3)—**Notice of exercise of option to terminate held sufficient without mentioning ground.**

   Where a lease gave the lessors the option to terminate it on the bankruptcy of the lessees, a notice by the lessors, dated soon after the filing of the bankruptcy petition and addressed to the original lessees, the bankrupt and the bankrupt's trustee, was sufficient notice of the lessors' exercise of that option, though it did not expressly state the ground on which it was exercised.

Appeal from the District Court of the United States for the Northern District of Alabama; Henry D. Clayton, Judge.

Petition of John S. Coxe, as trustee of the Lindy-Friedman Clothing Company, Inc., bankrupt, against S. L. Tyson and another, for an order decreeing the trustee entitled to possession and ownership of a leasehold for the unexpired term of the lease. From a decree denying the petition (275 Fed. 453), the trustee appeals. Affirmed.

C. D. Ritter, William Bew White, and John S. Coleman, all of Birmingham, Ala. (Ritter, Wynn & Carmichael, Tillman, Bradley & Baldwin, and John S. Coleman, all of Birmingham, Ala., on the brief), for appellant.

B. P. Crum, of Montgomery, Ala., and E. H. Cabaniss, of Birmingham, Ala. (Cabaniss, Johnston, Cocke & Cabaniss, all of Birmingham, Ala., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. By an instrument, in part printed and in part typewritten, dated June 21, 1919, the appellees leased to Sam-

uel Friedman and Sol Lindy for a term of seven years a store building in Birmingham, Ala. The printed part of that instrument contained the following:

"The lessee agrees * * * not to assign this lease, nor underlease or let said premises, or any part or interest therein, without the written consent of the lessor, hereon indorsed."

The typewritten part thereof contained the following provisions:

"If an execution or other process be levied upon the interest of the lessee in this lease, or if a petition in bankruptcy be filed by or against the lessee in any court of competent jurisdiction, the lessor shall have the right, at his option, to re-enter said premises and annul this lease. * * * It is contemplated by the lessees herein to organize a corporation with not less than $20,000 paid-up capital, and it is agreed that when said corporation is organized the lessees shall have the right to transfer, assign this lease and sublet the property described to such corporation. The form to be used in the transfer and subletting shall be the same as the form hereto attached marked 'Exhibit A.'"

The form referred to as "Exhibit A" was a blank form of transfer of a lease contract, to be signed by the lessee, the assignee, and the lessor, and contained stipulations to the effect that the assignee agrees to pay the rent due or to become due under the terms of the assigned lease and further assumes all other obligations of the original lease to the original lessor. Shortly after the date of the lease Lindy and Friedman, the lessees named therein, caused to be organized a corporation under the name Lindy-Friedman Clothing Company, and there was paid in for the capital stock of such corporation $20,000 in cash. That corporation commenced business in the leased building in September, 1919, and continued business therein up to the date of its bankruptcy, which was adjudged on a voluntary petition filed by it on June 11, 1920. No written instrument of transfer and assignment was executed or delivered by said Lindy and Friedman to the bankrupt prior to bankruptcy. In the bankruptcy proceeding Lindy and Friedman made an admission to the effect that they claimed no right under the lease, and that if there is any asset under the lease the bankrupt is entitled to it.

By a written instrument, dated June 30, 1920, signed by the lessors, and addressed to the original lessees, the bankrupt and the bankrupt's trustee, the lessors gave notice that they exercised their option to re-enter the leased premises, describing the lease and the leased premises, and to annul said lease, and that said lease is annulled and at an end. Thereafter, pursuant to an order made by the referee, the trustee elected to retain the leased premises, to perform the lease contract, and to retain possession and ownership of the leasehold interest under said lease for the unexpired term. The lessors denied that asserted right of the trustee. Thereupon the trustee, the appellant, filed a petition praying that an order be entered decreeing that the trustee is entitled to possession and ownership of the leased premises and of the leasehold constituted by said lease, and to the performance of said lease by the lessors, the appellees, for the unexpired term of said lease. The appeal is from a decree denying the prayer of that petition, and adjudging that appellant is not entitled to the possession of the leased

premises or the ownership of the leasehold constituted by the lease, that the appellees are authorized to re-enter said premises, and that appellant surrender said premises to appellees.

[1] In behalf of the appellees it was contended that no evidence adduced showed that, prior to the bankruptcy, there was any assignment or transfer, verbal or written, which was known or assented to by the lessors. It is not necessary to rule on that contention. If there was no assignment of the lease, the appellant had no interest to be prejudiced by the decree appealed from. There was an absence of any evidence that the appellees consented to an assignment other than such a one as the lease provided for. The terms of the lease plainly show that the bankrupt's right to become an assignee of the lease was subject to the condition that it must assume all the obligations of the original lessees to the original lessors. Included in those obligations was one to surrender the leased premises to the lessors in the event of the filing of a petition in bankruptcy by or against the lessee in any court of competent jurisdiction and the exercise by the lessors of the option reserved by them in that event to re-enter the leased premises and annul the lease. We are of opinion that if, before the bankruptcy, there was an assignment of the lease to the bankrupt, an effect of the assignment was to make the just-mentioned provision as applicable to the assignee as it was to the original lessees. Provisions of the lease negative the conclusion that, contrary to the expressed election of the lessors to annul the lease, it could, after the filing of the bankruptcy petition, be kept in force in favor of the estate of the bankrupt.

[2] Attention was called to the fact that the above-mentioned written notice of the exercise by the lessors of their option to re-enter the leased premises and to annul the lease did not state the ground on which that action was taken. The circumstances under which the notice was given soon after the filing of the bankruptcy petition and the terms of it, which correspond with the language of the provision giving the option, made it plain that that provision was relied on to support the action evidenced by the notice given. The conclusion is that the filing of the bankruptcy petition gave the appellees the right to re-enter the leased premises and annul the lease, and that that right was duly exercised.

It follows that the court did not err in rendering the decree appealed from. That decree is affirmed.