## MOORE v. RISLEY.

### In re KIMBALL & WEBB et al.

(Circuit Court of Appeals, Ninth Circuit.   March 6, 1923.)

No. 3831.

**1. Landlord and tenant ⚖➔101½—Lease held forfeitable for bankruptcy of two lessees, to whom third had assigned his interest.**

Where a lease to three partners, which contained a clause giving the lessor an option to cancel the lease if the lessees were adjudged bankrupts, was assigned by one of the partners to the other two, who assumed the obligations of the assignor thereunder, with the assent of the lessor, the lessor was thereafter entitled to cancel the lease on the adjudication in bankruptcy of the partnership and the two remaining partners, though the retiring partner was not bankrupt.

**2. Landlord and tenant ⚖➔112(2)—Lessor held not to have waived right to cancel lease for bankruptcy of lessees.**

The acceptance by the lessor of rent from the receiver in bankruptcy for the leased premises after adjudication in bankruptcy does not waive the right to terminate the lease for the bankruptcy where the lessor notified the trustee at the time that he exercised his right of option to terminate the lease and demanded possession of the premises.

**3. Landlord and tenant ⚖➔112(2)—Cashing of rent checks from receiver held not to prevent cancellation for bankruptcy of lessee.**

A lessor is not precluded from exercising his option under the lease to cancel it for the bankruptcy of the lessees by accepting from the receiver in bankruptcy checks for the rent indorsed as checks for the rental under the lease, and cashing the checks after striking out the indorsement, as he had a right to do; the indorsement being unauthorized.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

From an order of the District Court denying the petition of William H. Moore, Jr., as trustee in bankruptcy of Kimball & Webb, a partnership composed of Harry J. Kimball, Jr., and Rex Webb, and the partners as individuals, against T. E. Risley, for an order requiring Risley to show cause why a lease granted by him to the bankrupts should not be decreed an asset of the bankrupt estate, the trustee appeals. Affirmed.

W. T. Craig, of Los Angeles, Cal., and Elmore Winkler, of Fresno, Cal. (H. R. Archbald, of Los Angeles, Cal., of counsel), for appellant.

Frank Kauke, of Fresno, Cal., for appellee.

Before MORROW and HUNT, Circuit Judges, and DIETRICH, District Judge.

MORROW, Circuit Judge.   An agreed statement of facts in this case is as follows:

Rex Webb, J. H. Koll, and H. J. Kimball, Jr., contemplated commencing and transacting a gents' furnishing and clothing business in Fresno, Cal.   On October 4, 1919, they obtained from T. E. Risley, the owner of certain premises, a lease for 10 years from January 1, 1920, to December 31, 1929, under the following conditions:

"It is agreed that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and remove all persons therefrom without notice. * * * It is hereby covenanted and agreed that this lease and the interest of said lessee hereunder shall not, without the written consent of said lessor first had and obtained, be subject to garnishment or sale under execution in any suit or proceedings which may be brought against or by said lessees, and that this lease and all the rights of said lessees hereunder, shall, at the option of the lessor, cease and terminate upon said lessees being by any court adjudged bankrupt or insolvent, or upon said lessees making an assignment for the benefit of creditors."

On January 1, 1920, the lessees took possession of the premises, and installed certain improvements; but before any merchandise was actually moved into the building and business opened, Koll severed his connections with Webb and Kimball, and the following notes were attached to the lease:

"For value received, I hereby sell and assign to Rex Webb and H. J. Kimball. Jr., all my right, title, and interest in and to the attached lease.
"Fresno, Cal. J. H. Koll."

"And in consideration of the foregoing assignment to us, we hereby agree to be bound by and comply with all the terms and conditions of said lease.
"Rex Webb.
"Fresno, Cal. H. J. Kimball, Jr."

"And in consideration of the foregoing promise and agreement, I consent to said assignment.
"Fresno, Cal. T. E. Risley."

Rex Webb and H. J. Kimball continued in possession of the premises and paid the rent up to July 24, 1921, when William H. Moore, Jr., took possession. Moore was the receiver on an involuntary petition in bankruptcy filed against Kimball & Webb, a partnership, and against H. J. Kimball, Jr., and Rex Webb as individuals. The receiver paid the rent for August.

On August 15, 1921, the partnership of Kimball & Webb, and H. J. Kimball, Jr., and Rex Webb as individuals, were adjudged bankrupt. J. H. Koll was not adjudged bankrupt.

On August 8, 1921, William H. Moore, Jr., the receiver, wrote to Risley, informing him that a petition in bankruptcy had been filed against Kimball & Webb; that according to the terms of the lease the lessor could terminate the lease when the lessee should be adjudged bankrupt by the court; that, while Kimball and Webb were adjudged bankrupt, Koll was not, and therefore the lessor could not, at his option, terminate the lease. Moore asked, however, if the lessor would consider reassigning the lease to some other responsible party, who might take over the business of Kimball & Webb.

On August 10, 1921, Risley replied to Moore's letter, reminding him of the notes which were attached to the lease, and saying that he would consider the lease terminated when the court adjudged Kimball and Webb bankrupt. Risley said he would, however, consider entering a new lease with responsible parties.

Following these communications, Moore caused to be handed to Risley a check, dated August 30, 1921, for the sum of $350, signed by Moore, as receiver of the estate of Kimball & Webb, and countersigned by the referee in bankruptcy, which was indorsed on the back:

"September, 1921, rental of store at 1141 J street, Fresno, under lease dated October 4, 1919, $350.00."

When Risley received the check, he went to the referee and told him he intended to exercise his option and terminate the lease, and asked if he would forfeit his right so to do by accepting the check with this indorsement. The referee told Risley that he did not think the receiver would take advantage of him in that particular. Risley then cashed the check, after obliterating the words, "under lease dated October 4, 1919, $350.00." Moore was later elected trustee of the estate, and the following month sent Risley another check, dated October 1, 1921, and indorsed: "October rental under lease, $350.00." Risley obliterated the words, "under lease, $350.00," and cashed the check.

On or about September 20, 1921, Risley caused to be served upon William H. Moore, Jr., trustee, and H. J. Kimball, Jr., and Rex Webb, written notices to the effect that, as Harry J. Kimball, Jr., and Rex Webb had been adjudged bankrupt on August 15, 1921, he, as lessor, decided to exercise his option and cancel the lease, and demanded possession of the premises. On or about October 7, 1921, the trustee filed a petition with the referee in bankruptcy, praying for the issuance of an order requesting Risley to show cause why an order should not be entered decreeing the lease to be an asset of the bankrupt estate, directing the trustee to sell it as an asset, and restraining Risley from interfering with the sale.

Such order was issued by the referee, returnable October 25, 1921, and Risley answered, alleging that the lease was terminated by him, as lessor, exercising his right to do so under the covenant of the lease, upon the adjudication of Kimball and Webb. On November 5, 1921, a hearing was had in the referee's office. On November 8, 1921, the referee made an order, discharging the rule of the order to show cause, and denying the petition. The trustee filed his petition with the referee for a review of the order by the District Court, and the referee filed his certificate on review in the District Court.

On December 19, 1921, the question on review was argued before the court and submitted, and the minute order of the court from which this appeal is taken was entered on that day, affirming the order of the referee. The question is whether the lease terminated under the facts of the case, or whether it is still in force and effect, and the property of the trustee in bankruptcy, he having elected to accept it as an asset.

[1] The assignment of the lease by Koll to Webb and Kimball was full and complete. It conveyed to them all his right, title, and interest in and to the lease, and in consideration of this assignment Webb and Kimball agreed, on their part, to be bound by and comply with all the terms and conditions of the lease, and Risley, on his part, in consideration of such promise and agreement on the part of Webb and Kimball, to be bound by and comply with all the terms and conditions of the lease, consented to the assignment. Koll thereupon ceased to be a party to the lease, and Webb and Kimball, by agreement of all the remaining parties to the lease, became the only and exclusive lessees for the remainder of the term, or until terminated by law.

For a year and a half Webb and Kimball, as such lessees, had pos-

session of the premises and paid rent to Risley under its terms. This was precisely as though they alone had been the original parties named in the lease as lessees, and was in accordance with the intention of all the parties. It was a contract upon sufficient consideration to do a lawful thing, clearly expressed and understood. A term and condition of the lease was that all the rights of said lessees thereunder should, at the option of the lessor, cease and terminate upon said lessees' being by any court adjudged bankrupt or insolvent.

Who were the lessees referred to? Manifestly the lessees thereunder at the time any court should adjudge them bankrupt. Webb and Kimball were the lessees at that time. Koll was not. He had been eliminated from all rights under the lease. Whose rights were then terminated by such adjudication? The rights of Webb and Kimball, who were the only lessees under the lease at the time of such adjudication.

We do not think it necessary to discuss the refinements of the law of assignments based upon some other state of facts. They are not applicable here. The facts of this case are clear and simple, and leave no doubt as to the effect the adjudication that Webb and Kimball were bankrupts had upon the terms of the lease. It gave the lessor the option to terminate the lease.

[2] The appellant contends, however, that the acceptance by the lessor of rent from the receiver in bankruptcy for the leased premises after adjudication in bankruptcy was a waiver of his right to terminate the lease. But the lessor distinctly refused to waive that right. He notified the trustee in bankruptcy that by virtue of the provisions of the lease he exercised his right of option to terminate the same, and the rights of the lessees and of the trustee in bankruptcy of said estate and the rights of all persons claiming under the lessees and said trustee, and demanded possession of the premises.

[3] Appellant contends, further, that the checks issued by the receiver in payment of rent had on their backs the indorsement that they were under the lease. But when Risley received the first check he took the same to the referee in bankruptcy, and told him that he intended to exercise his option under the lease to cancel it upon the ground that Webb and Kimball had been adjudicated bankrupts, and he asked the referee if he would forfeit his right so to do if he accepted the check, considering the indorsement. The referee stated to Risley he did not think the receiver intended to take any advantage of him in that particular. Thereafter Risley obliterated the indorsement and cashed the check, as he had a right to do; the indorsement being unauthorized, and not binding upon the lessor.

It follows that the adjudication of Webb and Kimball as bankrupts authorized Risley to terminate the lease, which he did, and said lease is not in force or in effect, and is not an asset of the estate of Webb and Kimball in bankruptcy.

The order of the District Court, affirming the order of the referee, is affirmed.