**In re FAMOUS FAIN CO., Inc.**

**Appeal of O'FLYN.**

(Circuit Court of Appeals, Second Circuit.
July 12, 1926.)

No. 380.

**1. Landlord and tenant ⟝104.**

In absence of contractual restriction, lessee can assign lease, and assignment works no forfeiture.

**2. Landlord and tenant ⟝208(2).**

Between landlord and assignee of lease in possession there is a privity of estate, rendering assignee liable for rent.

**3. Landlord and tenant ⟝208(1).**

After assignment of lease and acceptance of rent from assignee, landlord cannot maintain action of debt for rent against lessee, but may sue him on covenant to pay rent.

**4. Landlord and tenant ⟝101½.**

Corporation assignee of lease, which made independent agreements with landlord to pay additional rent for privileges not given original lessee, held "the tenant," within meaning of provision for cancellation in event of bankruptcy of "the tenant."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tenant.]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the Famous Fain Company, Inc., alleged bankrupt. From an order [10 F. (2d) 540] sustaining the trustee's refusal to surrender leased premises after an attempted cancellation of the lease, Edward H. O'Flyn, lessor, appeals. Order reversed.

In 1921 appellant O'Flyn owned, and still owns, certain premises in the borough of Brooklyn. In that year he executed and delivered a lease of the said premises to Irving Fain, who at the time was doing business under the trade-name of "Fain Knitting Mills."

Throughout this lease and in many parts thereof Fain is described as the "tenant." In and by the lease it was provided that the tenant could not "assign this agreement or underlet or underlease the premises" without the landlord's (O'Flyn's) "consent in writing." But by special proviso, "the tenant shall have the privilege of assigning this agreement to a corporation to be organized under the laws of the state of New York, of which the said tenant shall be the majority stockholder: Provided, however, that said assignment shall in no wise release or discharge the said Irving Fain from any of the obligations hereunder for the payment of

13 F. (2d)—34

rent, or other covenants, terms, and conditions to be performed by the tenant."

It was also expressly agreed in the lease that, if "the tenant shall be adjudicated a bankrupt, voluntarily or involuntarily, or shall make an assignment for the benefit of creditors, or if a receiver for the benefit of creditors of the tenant shall be appointed in any judicial proceeding whatsoever, or if the tenant shall abandon said demised premises, or if the same shall become vacant during said term, then and in either of said events the landlord may, at his option, immediately cancel this lease, and thereupon the term hereby demised shall cease and come to an end."

Fain entered upon the possession of the premises, and he did cause to be incorporated a corporation answering to the corporate description above quoted, except that the state of incorporation was not New York, but Delaware; but of this departure from the written agreement the landlord was fully aware, and he acquiesced therein. That corporation is the bankrupt herein, and to it Fain in 1923 assigned the said lease. In 1924 the landlord and this bankrupt executed an agreement in which the landlord explicitly approved of the said assignment of said lease and in which the bankrupt assumed "to fully perform all of the terms, covenants, and conditions" of the same.

In 1925 the landlord and the bankrupt executed a further agreement, in which, as in the agreement of 1924, the bankrupt is described throughout as the tenant of the said premises and under the said lease. In this agreement the tenant promises on due consideration to pay a further additional rent for the premises, and the document concludes with the proviso: "Nothing herein contained shall be construed to change or modify any of the terms or provisions of the said lease, except as hereinbefore stated."

Subsequently said corporation was adjudicated bankrupt, and thereupon the landlord served notice that he elected "to cancel the lease of said premises dated September 15, 1921, made by and between" himself and "Irving Fain as tenant under and pursuant to the" above-quoted clause of said lease.

The trustee in bankruptcy refused to surrender the premises as demanded, on the ground that Irving Fain himself had not become bankrupt, and that the bankruptcy of the assignee corporation gave no right of cancellation to the landlord.

This contention the District Court upheld, and the landlord took this appeal.

Wingate & Cullen, of New York City (Conrad S. Keyes, of New York City, of counsel), for landlord appellant.

Leventritt, Riegelman, Carns & Schwarz, of New York City (W. M. Schwarz, of New York City, of counsel), for trustee in bankruptcy.

Max Silverstein, of New York City, for petitioning creditors.

Lhowe & Obstfeld, of New York City, for bankrupt.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). It is not doubted that, if O'Flyn's *tenant* became bankrupt during the life of the lease, it was terminable at the landlord's option. That was the bargain, both lawful and usual. This case, therefore, lies within the narrow limits\of an inquiry as to who was the tenant of O'Flyn's premises when Famous Fain Company became bankrupt.

Admittedly there was a lease for years to Fain; that written lease was the evidence of the contract made, and privity of contract existed and continued between Fain and O'Flyn, unless destroyed by some subsequent event. But as the result of that contract Fain entered upon the premises, he became a tenant, a tenant holds an estate, and so there is privity of estate between the tenant and his lord.

[1, 2] As a general rule a lessee can assign the lease, unless there be a contractual restriction on his right so to do; consequently an assignment works no forfeiture, except by agreement. 16 R. C. L. 1125. Between the landlord-lessor and the assignee of the lease there is therefore ordinarily no privity of contract; but there is privity of estate if the assignee takes possession, and by virtue thereof the assignee is liable for rent. Yet he may discharge himself from liability by assigning his interest in the premises to a stranger. Gillette v. Aristocrat Restaurant, 239 N. Y. 87, 145 N. E. 748.

[3] But, if the lessee contracts to pay, as was done here, "it is the well-settled rule of law that, after an assignment of the lease and an acceptance of rent by the landlord from the assignee, the landlord cannot maintain an action of debt for rent against the lessee, but an action will lie against him on the covenant for the payment of rent. The reason of the rule is that, although by the assignment the privity of estate between lessor and lessee is terminated, there still remains the privity of contract created by the lease, which is not affected by the assignment. The lessee still continues liable on his covenant by virtue of the privity of contract." Wall v. Hinds, 4 Gray (Mass.) 256, 64 Am. Dec. 64, and for full citations see 16 R. C. L. 845.

[4] In this case Fain, the lessee, had good right to assign the lease; he did so to the Fain Company, and from that now bankrupt concern the landlord accepted rent. If this were the whole story, privity of contract would be nonexistent between O'Flyn and Fain Company, but the latter would be liable for rent because of privity of estate; but the problem would still require solution, whether that relation made Fain Company not only *a* tenant but *the* tenant referred to in the lease, whose bankruptcy would give right of re-entry to the landlord.

There is, however, more of the story, and the rest we think solves the problem. The assignee Fain Company not only entered and paid rent, but by separate agreements with O'Flyn in terms assumed the lease, agreed to pay additional rent for privileges with which Fain never had any concern, and throughout the documents evidencing these engagements it is described as "the tenant." We think these undisputed facts clearly show that the intent of parties was that the Fain Company should become and did become *the* tenant of the original lease which it assumed, and so bound by the covenants and conditions thereof.

For this reason, the order under review is reversed with costs. Whether Fain is subject to any existing contractual liability is a question not before us, and we express no opinion.