## In re CLERC CHEMICAL CORPORATION.

### No. 4859A.

District Court, D. New Jersey.
Oct. 22, 1943.

William Harris, of Newark, N. J. (George Furst, of Newark, N. J., of counsel), for trustee.

William K. Flanagan, of Newark, N. J., for petitioner Reilly Tar & Chemical Corporation.

FAKE, District Judge.

The issues here arise on a Referee's certificate of review.

It appears that in 1941 the Reilly Tar & Chemical Corporation, as lessor, made a written lease with Frederick D. Loeb as lessee. It contains a clause authorizing Loeb to assign to any corporation formed by him. Loeb formed a corporation known as Clerc Chemical Corporation and assigned the lease to that corporation. The assignment was made expressly "subject nevertheless to the rents, covenants, conditions and provisions" mentioned in the lease. The lease contains the following clause: "(8) Bankruptcy, Etc.: If the Lessee shall be adjudicated a bankrupt, file a voluntary petition in bankruptcy, make a general assignment for the benefit of creditors, or if a receiver of its properties and assets shall be appointed, then and in that event the Lessor shall have the option to terminate this lease as of the tenth day after; (a) the appointment of a receiver, or (b) the adjudication of bankruptcy, if no receiver be appointed, or (c) the filing of a voluntary petition in bankruptcy, or (d) the general assignment for the benefit of creditors, as the case may be.

A voluntary petition in bankruptcy was filed by Clerc Chemical Corporation, on July 22, 1943, and thereafter Reilly Tar & Chemical Corporation, lessor, served a notice upon Clerc Chemical Corporation, the assignee, notifying it of an exercise of the lessor's option to terminate the lease, which notice states that it is served "in accordance with the terms and conditions of the said lease, you having been adjudicated a bankrupt and a receiver of your properties and assets having heretofore been appointed, and you having otherwise defaulted in the performance of the terms and conditions of the said lease."

The question presented is: "Was the lease * * * terminated by the adjudication of Clerc Chemical Corp., the bankrupt; or by the appointment of a receiver of its assets; or by the notice * * * ?"

The Referee not without reason and led by Gazlay v. Williams, 6 Cir., 147 F. 678, 14 L.R.A.,N.S., 1199, 17 A.B.R. 249, affirmed 210 U.S. 41, 28 S.Ct. 687, 52 L.Ed. 950, and In re Murray Realty Co., D.C., 35 F.Supp. 417, came to the conclusion that the notice of option to terminate the lease as provided for in the bankruptcy clause of the lease could not be effective as against the assignee-tenant, the bankrupt, in the absence of language in the lease which would indicate an intention to have the option to terminate run against the assigns of the original tenant. He holds: "This provision is limited to the bankruptcy of the original tenant, Frederick D. Loeb, and does not apply to the present tenant, Clerc Chemical Corp., the bankrupt."

The lease provides: "The terms, covenants, conditions and agreements herein contained shall be binding upon the parties hereto and their respective successors and assigns." Relying on In re

110

Murray Realty Co., supra, the Referee holds: "While this provision may have required the Clerc Chemical Corp., to perform the tenant's covenants in the lease, it does not provide for any forfeiture. If there is to be a forfeiture of a lease, it should be expressly provided for in the lease."

Upon a careful consideration of the briefs submitted and an independent research of my own, I find myself in full accord with the Referee.

The lessor cites certain provisions of the New Jersey Statutes as favoring his right of forfeiture, to wit, N.J.R.S. 46:8–2, 3, N.J.S.A. These provisions have no bearing whatever on the question as to whether the word "lessee" as used in the bankruptcy forfeiture clause of the lease extends to an inclusion of the lessee's assignee.

The lessor urges that the opinion In re Lindy-Friedman Clothing Co., 5 Cir., 285 F. 22, 24, favors his contention. That opinion does say: "We are of opinion that if, before bankruptcy, there was an assignment of the lease to the bankrupt, an effect of the assignment was to make the just-mentioned provision [a forfeiture provision very much like the one in the instant case] as applicable to the assignee as it was to the original lessees", and it does appear that many of the important factors in that case are also found in the instant case. Nowhere in the Lindy-Friedman case, however, do we find any reference to the time honored attitude of the courts on the subject of forfeitures. Here in this court our late Judge Haight held in Re Larkey, D.C., 214 F. 867, 870: "Forfeitures are not favored either at law or in equity", and we find in the syllabus that: "Where a court of bankruptcy has acquired jurisdiction to determine the right of a lessor to a forfeiture under the terms of the lease, it will proceed on equitable principles and will refuse to enforce a forfeiture, if inequitable, even though, as strict matter of law, the lessor may be entitled to it" and again: "a provision for a forfeiture in a lease will be construed strictly in favor of the tenant".

It must be emphasized that the forfeiture provision in the lease here runs only against the lessee, no words are used, technical or otherwise, to extend the provision to the lessee's assignee. This is the way the parties to the lease place themselves and no constuction of the lease taken from its four corners can enlarge upon it. True, it was understood that the lease was to be assigned and it would be easy to fall into the error of concluding that this knowledge by both parties shows an intent to bind the assignee. The weakness of this idea lies in the fact that the reverse might as easily be arrived at. The equities are at least as strong on one side as the other. So the parties should be left where they placed themselves.

 Moreover, we find here no privity of contract between the assignee-bankrupt and the lessor. See Meyer et al. v. Alliance Inv. Co., 84 N.J.L. 450, 87 A. 476, affirmed, and Sapienza v. Milmoe, 158 A. 114, 10 N.J.Misc. 135, affirmed.

An effort was made to inject the question of a default in the payment of rent. The Referee has not passed on this question and therefore I have ignored it here.

An order will be entered sustaining the action of the Referee.