**FRIENDLY CENTER, INC., Petitioner,**

**v.**

**Robert N. ROBINSON, Trustee in Reorganization of Pleasants Hardware, Inc., Respondent.**

United States District Court
W. D. North Carolina,
Charlotte Division.

Heard Aug. 24, 1964.

Decided Sept. 8, 1964.

William Owen Cooke, Greensboro, N. C., for petitioner.

Francis O. Clarkson, Jr., Charlotte, N. C., for trustee.

CRAVEN, Chief Judge.

Friendly Center, Inc., hereafter called "Friendly," operates Friendly Shopping Center in Greensboro, North Carolina. In June of 1959, Friendly leased one of its store buildings in the shopping center to Mr. and Mrs. Robert T. Pleasants for a period of ten years, commencing the first day of April, 1960. At the time of execution of the lease, the President of Friendly understood that Mr. and Mrs. Pleasants intended to operate a hardware business under the name of Pleasants Hardware, Inc. Because the corporation was a new one with few assets, Friendly insisted that Mr. and Mrs. Pleasants be named as "Tenant" and refused to execute the lease to the corporation established to operate the business. Despite the refusal of Friendly to enter into a lease-hold agreement with the corporation, from the beginning it was the corporation that paid the rent and signed the reports required under the contract of lease. No evidence was offered tending to show that a written assignment of the lease was executed by Mr. and Mrs. Pleasants to Pleasants Hardware, Inc., nor was there evidence tending to show any written contract of sublease to the corporation, nor does there exist any substantial evidence of any *oral* assignment or sublease. The truth is, the difference between Mr. and Mrs. Pleasants, on the one hand, (the former being operator of

the business) and the corporation, on the other, was simply ignored by all concerned until difficulty arose.

On April 4, 1964, Pleasants Hardware, Inc. filed with this court a petition requesting reorganization of said corporation under the provisions of Chapter X of the bankruptcy laws of the United States. The respondent, Robert N. Robinson, was appointed Trustee for the corporation.

■ Beyond question, the Chapter X proceeding resulted in "events of default" as enumerated in paragraph 30 of the lease-hold agreement.[1] Also, beyond question express covenants of forfeiture such as contained in the lease [2] are enforceable against trustees in bankruptcy, including trustees in reorganization under Chapter X. Finn v. Meighan, 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1624 (1945); and see 11 U.S.C.A. §§ 110, sub. b and 502.

On May 5, 1964, Friendly, pursuant to the forfeiture clause of the lease, gave written notice to Pleasants Hardware, Inc. that it elected to terminate the lease and declared the same now terminated. No such notice was sent to Mr. and Mrs. Pleasants individually, although they were sent a copy of the notice addressed to Pleasants Hardware, Inc.

Bypassing the question of whether sufficient notice was given Mr. and Mrs. Pleasants, if Pleasants Hardware, Inc. was "Tenant" under said lease, the lease has now been effectively terminated and Friendly is entitled to an order requiring the Trustee to surrender the premises, subject to whatever rights, if any, the Trustee may have to use and occupy the premises for a reasonable period of time under the general provisions of the Bankruptcy Act, and particularly Chapter X.

■ There remains only the narrow but difficult inquiry of whether the word "Tenant" in the lease means Pleasants Hardware, Inc. or Mr. and Mrs. Pleasants.

The lease agreement capitalizes the first letter of the word "Tenant." "Tenant" is defined in the first and last paragraphs of the lease as meaning Robert T. Pleasants and wife Georgia H. Pleasants. No other definition of the term appears in the lease. Only the word "Tenant" is used; nowhere is there a reference to "the" Tenant. The failure to use the article "the" and the definition once repeated of Tenant as meaning Mr. and Mrs. Pleasants leave little room for construction. The lease apparently says what it means and means what it says: "Tenant" and Mr. and Mrs. Pleasants are synonyms within the lease agreement. Pleasants Hardware, Inc. may have become a tenant, but could not become "Tenant" for the simple reason that the contract of lease defines the word "Tenant" standing alone to mean Mr. and Mrs. Pleasants. See In Re Famous Fain Co., Inc., 13 F.2d 529 (2d Cir. 1926), in which the same distinction is made between a tenant and the tenant. That the forfeiture clause was applied to the second tenant in that case was due to sep-

---

1. Paragraph 30 of the lease reads in part as follows:

"(a) The filing by, on behalf of or against Tenant of any petition or pleading to declare Tenant a bankrupt, voluntary or involuntary, under any bankruptcy law or act.

"(b) The commencement in any court or tribunal of any proceeding, voluntary or involuntary, to declare Tenant insolvent or unable to pay its debts.

\* \* \* \* \*

"(e) The appointment by any court or under any law of a receiver, trustee, or other custodian of the property, assets or business of Tenant."

2. Paragraph 30 further provides:

"Upon the happening of any event of default, and the failure of Tenant to cure or remove same within ten (10) days after written notice of such default given to Tenant by Landlord, Landlord, if it shall so elect may terminate the term hereof and if Landlord shall exercise such right of election the same shall be effective as of the date of the event of default upon written notice of Landlord's election given by Landlord to Tenant at any time after the date of such event of default \* \* \*."

arate additional written agreements with the second tenant not present here.

Model Dairy Co. v. Foltis-Fisher, Inc., 67 F.2d 704 (2d Cir. 1933), is cited by Friendly for the proposition that a forfeiture provision applies to the assignee and not the assignor. It does not so hold. In that case there was a tripartite agreement to which the lessor was a party and in which the assignee agreed to be bound by all conditions in the lease. The question of whether a default provision applies to the assignee rather than to the assignor was specifically governed by this separate agreement, and the court so stated. Ibid. p. 706.

A much harder case than the one before this court was In Re Clerc Chemical Corp., 142 F.2d 672 (3d Cir. 1944). There the original tenant formally and in writing assigned the lease subject to the covenants, conditions and provisions therein. Even so, upon bankruptcy of the second tenant, it was held that the lessor was not entitled to forfeiture for the reason that the forfeiture clause failed to mention successors, assigns, or anyone else other than the original lessee. What was said by the court seems peculiarly appropriate here:

> "While perhaps the suggestion that the Bankruptcy Court as an Equity Forum discourages forfeitures can be overstressed at times, nevertheless, where the signs point surely to the purpose of the parties and that intent is plainly directed to forfeiture only in the event of the bankruptcy of the named lessee, certainly a strained construction should not be attempted to actually encourage forfeiture in an instance where none was contemplated." In Re Clerc Chemical Corp., supra, at 674.

See also In Re Murray Realty Co., 35 F.Supp. 417 (N.D.N.Y.1940); In Re Larkey, 214 F. 857 (D.C.N.J.).

■ Because the lease here is a "percentage" one,[3] the activities of the person, firm or corporation in possession of the property are of the utmost importance to Friendly. It is urged, therefore, that "Tenant" *must* mean Pleasants Hardware, Inc. But it is clear that Pleasants Hardware, Inc. was not exclusively in possession. Certainly Mr. Pleasants remained in possession—perhaps in a dual capacity—as original tenant and as officer of the corporation. In Stamm v. Buchanan, 55 N.M. 127, 227 P.2d 633 (1951), heavily relied on by Friendly, the percentage lease contemplated assignment to the corporation set up to operate the business providing that the corporation agreed in writing to be bound by all the terms of the lease. The assumption of the lease by the assignee corporation undergirds the decision. Confronted with the same circumstances as the lessor in Stamm, Friendly could have done the same; that is, participated in a formal assignment by "Tenant" to the corporation—assuring assumption of all the covenants of the lease. Instead it preferred to ignore the corporation and do business *only* with "Tenant," i. e., Mr. and Mrs. Pleasants. Having refused to recognize the corporation for any purpose whatsoever, Friendly cannot gracefully insist now that the corporation was Tenant in the lease contract.

Most of the cases concerning who is lessee or tenant within the meaning of insolvency forfeiture provisions are collected in 115 A.L.R. at 1193; others are found under West Key Number "Landlord & Tenant" ☞101½. Most of the decisions seem to turn on the terminology of the lease in conjunction with the peculiar facts of each case. It is certainly not established by any weight of authority that a forfeiture provision in a lease extends to a subtenant or even an assignee absent specific assumption of the covenant. 32 Am.Jur. "Landlord & Tenant" § 868; 51 C.J.S. Landlord & Tenant § 100.

■ Finally, Friendly earnestly contends that the covenant of forfeiture runs with the land so as to be applicable to the second tenant. Another quotation

---

3. Above a certain minimum, the rental escalates with increasing gross sales.

from In Re Clerc Chemical Corp., supra, is not only appropriate but is perhaps a sufficient answer to the contention:

"Our attention has not been called to any decision in this country holding that the bankruptcy clause in a lease does run with the land * * *."

The petition of Friendly to declare the lease terminated is denied. The Trustee may present an appropriate order.